COBURN *v.* DODD, Auditor of State.

APPEAL from the *Marion* Circuit Court.

*Per Curiam.*—*Coburn*, as judge of the Court of Common Pleas of the county of *Marion*, on the 16th day of

May Term,
1860.

COBURN
v.
DODD.

*May*, 1860, applied to the defendant, as auditor of state, to audit and allow his claim for six months' salary, under the act of 1859, entitled "An act to amend the third section of an act entitled 'An act to establish Courts of Common Pleas, and defining the jurisdiction and duties of, and providing compensation for, the judges thereof,' and repealing sections 29 and 38 of said act." Acts of 1859, p. 91.

The defendant refused to audit and allow the claim, and proceedings were instituted in the Circuit Court to compel such allowance, which resulted in a judgment for the defendant.

The plaintiff appeals to this Court, where two questions are raised:

1. Is the act, the title of which is above set out, valid?

2. If so, does it entitle the appellant to the salary claimed?

In reference to the first question, it is claimed that the act is void, as not having been enacted in accordance with the requirements of the constitution.

Upon a reference to the journals of the legislature, and to the history of the bill as shown thereby, we are satisfied that it went through all the constitutional forms of legislation, and that it is a valid law.

But the second question must be determined against the plaintiff. The salary provided for in the act in question, is not to be paid until the judges are elected, commissioned, and qualified, as provided for in the same act; and besides this, it is payable out of the county, and not the state treasury. The judgment, therefore, must be affirmed.

HANNA, J.—Believing that the answer of the governor, in response to the resolution of the senate, was not in fact, nor intended to be, a veto, I concur in the above conclusion.

The judgment is affirmed with costs.

*S. Yandes* and *J. Coburn*, for the appellant.

*J. E. McDonald*, Attorney General, for the appellee.